Filed 9/25/15  P. v. Townsend CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>REBIO TOWNSEND,<br><br>Defendant and Appellant. | F068927<br><br>(Super. Ct. No. 13CRAD681819)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Armando Rodriguez.  (Retired Judge of the Fresno Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Paul Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Ismael A. Castro and Renu R. George, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

# INTRODUCTION

Appellant Rebio Townsend appeals from an order requiring him to submit to involuntary administration of psychotropic medication. In his appeal, appellant argues the superior court erred by concluding he lacked the capacity to refuse medical treatment. We affirm.

# FACTS

On March 19, 2013, appellant was civilly committed to the Department of State Hospitals-Coalinga as a Mentally Disordered Offender. (Pen. Code, § 2972.) On November 12, 2013, the People filed a petition seeking an order to compel involuntary treatment with psychotropic medication.

At the hearing on the petition, Dr. Joyce Brown testified that appellant suffers from schizoaffective disorder with a history of treatment and incarceration for that condition, but denies both his condition and his prior history of treatment. According to Brown, appellant exhibits symptoms of mental thought disorder, mental confusion, hallucinations, delusions, and paranoia. Appellant also displays an inability to control his mood, as evidenced by a history of angry, unprovoked outbursts.

Brown further testified appellant denies the need for any antipsychotic medications, and believes the hospital staff manufactures evidence against him in order to keep him medicated and institutionalized. Brown stated appellant's condition improves with the administration of antipsychotic medications, and that prior to an increase in his medications, appellant had engaged in verbally abusive and physically violent behavior. Brown testified, however, that appellant did not believe those incidents had occurred, and instead believed they were hospital fabrications.

Following Brown's testimony, appellant testified that one violent incident Brown referred to had been provoked by racial hostility, while another had been fabricated by the hospital staff. Appellant also testified that he disliked taking his medication due to its sexual and sedative side effects.

2.

At the conclusion of the hearing, the superior court found that appellant was not a danger to himself or others, but lacked the capacity to refuse medical treatment. Accordingly, the superior court ordered appellant to be involuntarily medicated with antipsychotics for up to one year. This appeal followed.

## DISCUSSION

An involuntarily committed patient may be forcibly treated with antipsychotic medication if a court determines he is not competent to refuse treatment. (*In re Qawi* (2004) 32 Cal.4th 1, 14.) A judicial determination of competency to refuse treatment involves the consideration of three factors: (1) whether the patient acknowledges his condition; (2) whether he understands the benefits and risks of treatment as well as alternatives to treatment; and (3) whether he is able to understand and evaluate the information regarding informed consent and participate in the treatment decision by rational thought processes. (*Riese v. St. Mary's Hospital & Medical Center* (1987) 209 Cal.App.3d 1303, 1322-1323.)

With regard to the first factor, it is undisputed that appellant does not acknowledge his medical condition, and instead believes his diagnosis to be motivated by a malicious and conspiratorial plot by hospital staff to keep him institutionalized. Thus, this factor weighs in favor of the court's order.

As to the second factor, the record shows that appellant not only denies his diagnosis, but also denies the reality of the symptoms and behavioral events upon which that diagnosis is based. As an understanding of the benefits of proposed treatment involves an understanding of the symptoms and behaviors ameliorated by the medication, appellant's refusal to acknowledge those symptoms and behaviors presents an insurmountable barrier to his understanding of the proposed medication. Put simply, appellant cannot be made to appreciate the potential benefits of a medication that is prescribed to alleviate symptoms that appellant does not believe he suffers from. Accordingly, this factor also weighs in favor of the court's order.

3.

Finally, as to the third factor, the record supports the conclusion that appellant is unable to rationally participate in his treatment decisions. As noted above, appellant appears to sincerely deny the legitimacy of his medical diagnosis, as well as the reality of his symptoms. Further, not only does appellant deny the existence of his symptoms, he believes the documentation of those symptoms have been fabricated by hospital staff for the purpose of keeping him medicated and institutionalized for the hospital's financial benefit. Given this conspiratorial belief, it is hard to imagine that appellant would be willing or able to rationally discuss his treatment options with the very staff he believes is conspiring against him.

Indeed, this irrational unwillingness to discuss treatment options with hospital staff was referenced during Dr. Brown's testimony, where she noted that appellant "has not been agreeable to meeting with his doctor and discussing medication," is "not easily approachable for any dialogue regarding his psychiatric treatment," and is verbally abusive when approached about his medication and treatment. Given appellant's irrational conspiratorial beliefs, as well as the resistance to discuss treatment options that flow from those conspiratorial beliefs, we find this factor weighs in favor of the court's determination. Accordingly, we affirm the superior court's order permitting appellant to be involuntarily medicated with antipsychotics for up to one year.

We also note that, despite appellant's arguments to the contrary in his brief on appeal, our finding of incompetency is not based solely on appellant's mental illness and refusal to submit to antipsychotic medication. Instead, our findings are based on appellant's denial of symptoms and behaviors indicative of his condition, and his belief that the record of those symptoms and behaviors have been maliciously fabricated by hospital staff in order to keep him medicated. Those beliefs, and not the mere presence of psychiatric illness, prevent appellant from being competent to refuse medication, and require the affirmance of the superior court's order.

## DISPOSITION

The order is affirmed.